UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GWENDOLYN B. SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA,<br><br>    Defendant. | Civil Action No.  02-481(JMF) |

**MEMORANDUM ORDER**

On April 19, 2004, I entered an order granting <u>Defendant's Motion for Summary Judgment for Failure to Timely File Complaint</u>.  In that opinion I indicated, however, that I would allow plaintiff certain attorney's fees and costs.  The April 19, 2004 opinion also directed plaintiff to file a petition for attorney's fees within 30 days.  Plaintiff, by her counsel, did so.  On May 6, 2004, the District of Columbia then moved me to reconsider my award of attorney's fees and costs and plaintiff, again by counsel, cross-moved me to reconsider my granting of summary judgment.  Thereafter, and sadly, plaintiff's counsel died.  The docket reflects that, before she did, she filed a notice of appeal on May 16, 2004 that purported to appeal my June 25, 2003, order that had granted in part and denied in part the defendant's motion for summary judgment, and my April 19, 2004 order that had granted summary judgment.

As is obvious, when plaintiff's counsel filed the notice of appeal, I had not entered final judgment and there were pending before me cross-motions to reconsider.  The filing of the notice of appeal raises a complicated question.  An argument could be made that the premature filing of the notice of appeal was a nullity and that, under that theory, I should proceed to resolve the cross

motions. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 60 (1982). Cf. Fed. R. App. Proc. (4)(a). In Griggs, the court spoke to the jurisdiction of an appellate court to resolve an appeal and not to a district court's jurisdiction to resolve motions for reconsideration. While it would seem to follow that, if the notice of appeal is a nullity, I can act,[1] the Court of Appeals has indicated that the filing of a notice of appeal may deprive the District Court of jurisdiction to entertain a motion to reconsider. To date, no clear authority has emerged in the Circuits. United States v. Farley, 72 F.3d 158, 162 n.3 (D.C. Cir. 1995).

In the absence of clear authority in this Circuit for the proposition that I may act on the motions to reconsider and in light of the caution expressed by the court in Farley suggesting that I may not, I have determined that I must deny both motions to reconsider for want of jurisdiction over their subject matter because of the pendency of the appeal.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Reconsider [#54] and Opposition to Defendant's Motion to Reconsider and Cross Motion for Reconsideration and Points and Authorities in Support Thereof [#56] are denied for want of jurisdiction over their subject matter.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE

Dated:

---

[1] See United States v. Greenwood, 974 F.2d 1449, 1467-69 (5th Cir.1992), *cert. denied,* 508 U.S. 915, 113 S.Ct. 2354, 124 L.Ed.2d 262 (1993).