UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**GWENDOLYN B. SMITH,**

    **Plaintiff,**

    **v.**

**THE DISTRICT OF COLOMBIA,**

    **Defendant.**

Civil Action No.  02-481 (JMF)

**MEMORANDUM ORDER**

On May 10, 2006, I directed the parties to address the issue of "whether, once the case proceeds to trial, the District may proffer at trial evidence that plaintiff failed to exhaust her administrative remedies and seek judgment in its favor on that basis." Memorandum Order dated May 10, 2006 at 2.  The parties have both responded and the issue is now ripe for resolution.

This case would have gone to trial had I not granted the District's motion for summary judgment.  In the pretrial statement the District filed, it did not indicate that it would assert the defense of failure to exhaust administrative remedies at the upcoming trial.  Instead, it filed out of time a motion for summary judgment that I granted.  My doing so was reversed as to plaintiff's discrimination claim on the grounds that I abused my discretion in considering the District's motion as to the discrimination claim because the District did not file its motion within the deadline set for the filing of dispositive motions and did not seek leave to file it pursuant to Rule 6(f) of the Federal Rules of Civil Procedure. Smith v. District of Columbia, 430 F.3d 450 (D.C. Cir. 2005).

The District argues that the court should permit it to reassert the defense of failure to

exhaust administrative remedies, even though it failed to list that defense in its pretrial statement, because plaintiff has been on notice of the defense as of the time of defendant's answer, and because plaintiff would not suffer any prejudice.

While a party who chooses not to move for summary judgment on a failure to exhaust basis may assert the defense at trial, the District is bound by the dictates of the three pretrial procedure orders that specifically required, pursuant to Rule 16.5(b) of the Local Rules of Civil Procedure, that the pretrial statement contain a statement of the claims and defenses raised by the parties. See Pretrial Procedures Order dated January 28, 2003 at 1; Pretrial Procedures Order dated December 22, 2003 at 1; Pretrial Procedures Order dated March 7, 2006 at 1.  The District never indicated that it intended to assert failure to exhaust administrative remedies as a defense to the discrimination claim in its pretrial statement and its unexplained and unjustified failure to do so means that it may not do so now. Van Stan v. Fancy Colours & Co., 125 F.3d 563, 570 (7th Cir. 1997); Marschand v. Norfolk & Western Ry., 81 F.3d 714, 716 (7th Cir. 1996); Veranda Beach Club Ltd. P'Ship v. W. Sur. Co., 936 F.2d 1364, 1371 (1st Cir. 1991); Petit v. City of Chicago, 239 F. Supp. 2d 761, 771 (N.D. Ill. 2002); Olsen by Olsen v. Ohmeda, Div. of Boc Group, Inc., 863 F. Supp. 870, 874 (E.D. Wis. 1994), aff'd on other grounds sub nom. Wis. Health Care Liab. Ins. Plan v. Ohmeda, Div. of BOC Group, 77 F.3d 485 (7th Cir. 1996); Am. Med. Ass'n v. United States, 688 F. Supp. 358, 360 (N.D. Ill. 1988), aff'd in part and rev'd in part on other grounds, 888 F.2d 760 (7th Cir. 1989).

It should also be recalled that the Court of Appeal determined that I abused my discretion in permitting the District to move for summary judgment without moving for leave to file its motion out of time and then questioned whether the District could have made the showing of

good cause required by that rule had it so moved. Smith, 430 F.3d at 457 n.5.  It would be anomalous for me to now permit the defendant to seek dismissal on the same exact grounds, even though the District does not even advance a single reason why it did not list the failure to exhaust defense in its section of the pretrial statement.  Indeed, I have already found that the failure of the District to advance the defense and seek summary judgment earlier than it chose to do so was inexcusable. Smith v. District of Columbia, No. 02-481, 2004 WL 3608248, at *3 (D.D.C. Apr. 19, 2004), rev'd, 430 F.3d at 450.  Surely, I would once again abuse my discretion if I nevertheless permitted the District to advance a defense that it should and could have advanced in its pretrial statement but inexcusably failed to do.  I will, therefore, not permit defendant to assert at trial the defense of failure to exhaust administrative remedies.

    I appreciate that the District will now be unable to assert a defense that would relieve it of all liability and that the legal issue presented can be promptly resolved on the existing record.  But, the prejudice the District suffers is not an unfair one; it flows from the just and uniform operation of a rule that requires a party to assert its defenses in the pretrial statement so the issues to be tried can be finally determined.  Obviously, whenever a party is not permitted to assert a defense because a rule precludes it, that party is prejudiced to that extent.  But, the operation of the rule cannot be condemned as "prejudicial."  If it could, procedural rules would cease to exist.

    **SO ORDERED.**

```
_____
```
JOHN M. FACCIOLA  
UNITED STATES MAGISTRATE JUDGE

Dated: