# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GWENDOLYN B. SMITH,

     **Plaintiff,**

     v.

THE DISTRICT OF COLOMBIA,

     **Defendant.**

Civil Action No.  02-481 (JMF)

## MEMORANDUM OPINION

Plaintiff moves for a new trial on the grounds that "the verdict in this matter was erroneous because the verdict was against the weight of the evidence presented during the trial." Memorandum of Points and Authorities to Support Plaintiff's Motion for a New Trial at 4.

In this Circuit, a party against whom a jury verdict has been rendered faces a difficult burden, lest the judge intrude upon the jury's function.  Such a motion can be granted only if the evidence and all reasonable inferences that can be drawn therefrom are so one-sided that reasonable men and women could not disagree on the verdict. Duncan v. Washington Metro. Area Transit Auth., 201 F.3d 482, 485 (D.C. Cir. 2000) (quoting Curry v. District of Columbia, 195 F.3d 654, 658-59 (D.C. Cir. 1999)); McNeal v. Hi-Lo Powered Scaffolding, Inc., 836 F.2d 637, 641 (D.C. Cir. 1988).  It is improper to grant such a motion merely because the judge has a contrary view of the credibility of the witnesses or otherwise disagrees with the jury's verdict. Langevine v. District of Columbia, 106 F.3d 1018, 1023-24 (D.C. Cir. 1997).  Thus, if fair-minded persons could differ as to the question presented, or if there is substantial conflicting evidence, the motion must be denied. Allen v. Perry, 279 F. Supp 2d 36, 42 (D.D.C. 2003).

This case presents a conflict in the evidence in its most classic form.

In an earlier decision in this case, I reviewed at length the evidence as it appeared at the conclusion of discovery, when the District moved for summary judgment. Smith v. District of Columbia, 271 F. Supp.2d 165, 166-72 (D.D.C. 2003), *reversed on other grounds*, 430 F.3d 450 (D.C. Cir. 2005). Having summarized what the evidence then showed, I concluded that the District's motion had to be denied:

> In my view, whether home visits were essential and, if they were, whether there was a reasonable accommodation, are genuine issues of material fact because the words "essential" and "reasonable" by their very nature involve the sifting and weighing of evidence. That between March 15, 2001, and March 22, 2001, while waiting to hear back from Prince, defendant reassigned plaintiff's home visits to other case workers while allowing plaintiff to continue working, at least raises the issue of whether trading responsibilities among case workers was or was not reasonable. Weighed against that is the information summarized by defendant of the importance of home visits in complying with the requirements imposed by this Court with reference to the care of the mentally ill in the community. The weighing of these considerations is a pristine jury function.

Id. at 172 (footnote omitted).

Having now presided over the trial, during which I denied the District's motion for judgement as a matter of law at the conclusion of plaintiff's case, I conclude once again, for the third time, that the evidence presented a genuine issue of material fact.

The gravamen of this case was whether plaintiff's making home visits to her patients was an essential function of her position. If it was, then the District was correct in concluding that the defendant's refusing to perform these visits meant that the District was not obliged to consider her a person who "with or without reasonable accomodation" could perform the essential

2

functions of her position and that therefore the District had no obligation to provide her with any

accommodation. <u>Smith</u>, 271 F. Supp.2d at 171 (citing 42 U.S.C. § 1211(8) (2000)).

Plaintiff presented testimony in support of her contention that the obligation to make

home visits was limited to certain patients and that she had no such patients.  Plaintiff also

pointed to the limits on such visits contained in her position description.  The defendant

countered with specific testimony by plaintiff's supervisors that home visits were an essential

function of the position of a mental health specialist.  Dr. Myrtle Yearwood, for example,

specifically so testified, as did other witnesses from various levels of plaintiff's employment

chain of command.  Thus, the trial testimony presented a jury question in its most pristine form.

More to the point, the existence of the testimony that performing home visits was an essential

function of the position makes it impossible for plaintiff to show, as she must, that a reasonable

person would have had to conclude that home visits were not an essential function of her

position.  To the contrary, whether they were an essential function presented a jury question.

That the jury resolved the question against the plaintiff is not a reason to overturn the jury's

verdict.

Plaintiff also claims the jury verdict itself was inconsistent because the first question,

whether plaintiff had a qualifying disability, was answered affirmatively while the second

question, whether plaintiff provided by a preponderance of the evidence that she was able to

perform the essential functions of the position with or without an accommodation, was answered

negatively.  First, plaintiff approved the verdict form that was used before it was submitted to the

jury.  Second, the reason there is no inconsistency whatsoever in the jury's concluding that

plaintiff is a qualified person with a disability yet cannot  perform the essential functions of the

3

position is that, in this case, plaintiff *refused* to perform one of the essential functions of the position, namely, home visits.  Thus, the issue of an accommodation was never reached by the jury.  Finally, plaintiff claims that the District did not present evidence to support the several assertions it made as to issues that arose during the trial.  But, the only question now presented is whether there was sufficient evidence to support the jury's finding that plaintiff could not perform the essential functions of her position and, as I have explained, there certainly was.[1]

Finally, although plaintiff argues that her motion should be deemed conceded because an opposition was not filed by the original deadline, she ignores the fact that defendant moved for an enlargement of time in a timely fashion.  I have since granted defendant's motion for an enlargement *nunc pro tunc* and therefore there is no basis for my deeming plaintiff's motion conceded.

An Order accompanies this Memorandum Opinion.

Dated:                                               _____
                                                           JOHN M. FACCIOLA
                                                           UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's wild charges of perjury and fabrication by the District's witness are utterly unsubstantiated and her insulting attacks on the jury and opposing counsel–that they were asleep or in a coma during the trial–are graceless.

4